UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.C.C.,<br><br>        Plaintiff,<br><br>      v.<br><br>SSA (INTERESTED PARTY / NEF), et al.,<br><br>        Defendants. | Case No.  24-cv-03062-VC<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: Dkt. No. 15 |

The motion to remand is granted.

The ALJ rejected Dr. Reinking's finding that the plaintiff could only walk/stand up to two hours in a workday without explaining why Dr. Reinking's reference to the plaintiff's right foot impairment and bilateral knee osteoarthritis wouldn't support this finding. In addition, the ALJ relied on the idea that the plaintiff had "normal gait" during other evaluations, without any acknowledgment that the ability to walk into an examination room might not demonstrate an ability to walk/stand for long periods of time. The same is true of some of the other activities that the plaintiff reported being able to engage in, such as preparing his own meals. And this rendered the ALJ's residual functional capacity determination defective.

Relatedly, the ALJ failed to provide clear and convincing reasons for discounting the plaintiff's testimony about the severity of his pain and symptoms. The ALJ rejected the plaintiff's allegations because of (1) the conservative course of treatment for his ailments, (2) the evidence of a normal gait during evaluations, and (3) the plaintiff's daily activities. But the plaintiff asserts that NSAIDs are a first-line treatment and he received the next level up through his steroid injection. And as noted above, a normal gait during a doctor visit is not a convincing

reason to reject the plaintiff's testimony because of the poor overlap between that and the strength and pain tolerance needed to get through the workday. The same is true of the plaintiff's testimony that he could take public transportation, drag his laundry, cook, and clean. *See Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014) ("We have repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day.").

While the plaintiff seeks a remand for an award of benefits, the Court is unable to conclude that remanding for further proceedings would serve no purpose. *See Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). So this case is remanded for further proceedings before the ALJ. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: June 16, 2025

_____
VINCE CHHABRIA
United States District Judge